UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-60450-CIV-GAYLES/TURNOFF

LUCKENS PETIT,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Luckens Petit's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). This matter was referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge for the Southern District of Florida. (ECF No. 5). Upon review of the pleadings, the record, the applicable law, and being otherwise duly advised in the premises, the undersigned recommends that the Petition be denied.

### Procedural Background

On August 2, 2007, Petitioner Luckens Petit was charged by indictment with one count of solicitation to commit robbery, three counts of robbery with a firearm, and three counts of attempted felony murder. (ECF No. 7) at Ex. 2. Pursuant to a jury trial, Petit was found guilty of first degree felony murder, one count of robbery with a firearm, and the three counts of attempted felony murder. Id. at Ex. 3. Petit was sentenced to life in prison with a mandatory minimum of ten years. Id. at Ex. 4. On direct appeal, the Fourth District Court of Appeal affirmed Petit's conviction and sentence, on April 18, 2012. Id. at Ex. 9. That opinion was later withdrawn, with a substitute opinion being

entered in its place, on July 25, 2012. Id. at Ex. 14. On February 11, 2013, the Florida Supreme Court denied review. Id. at Ex. 24.

Petit moved for post-conviction relief based on ineffective assistance of counsel due to: (a) failure to excuse a juror; (b) failure to object to the prosecutor's argument regarding collateral crime evidence; (c) failure to exclude collateral crime evidence; (d) failure to object to a jury instruction on a nonexistent offense; and (e) failure to object to the manner in which the trial court read the jury instructions. Id. at Ex. 25. The motion was denied. Id. at Ex. 28. The appellate court affirmed the denial. Id. at Ex. 33.

On January 13, 2013, Petit submitted a petition to the appellate court raising three claims of ineffective assistance of appellate counsel: (a) failure to argue that the prosecutor's argument regarding collateral crimes amounted to fundamental error; (b) failure to argue that the court's reading of a non-predicate offense for first degree felony murder amounted to fundamental error; and (c) failure to argue prejudicial hearsay. The appellate court denied the petition. Id. at Ex. 37.

On December 17, 2013, Petit filed a second motion for post conviction relief based on a claim of newly discovered evidence. Id. at Ex. 44. The motion was denied on October 9, 2014. Id. at Ex. 52. The appellate court affirmed the denial. Id. at Ex. 57. The instant habeas petition followed. (ECF No. 1).

## Statute of Limitations

The instant habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, there is a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four possible triggers. Id. The only trigger applicable to this case is "the

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Additionally, § 2244(d)(2) provides that the limitations period is tolled during the pendency of a properly filed motion for post conviction relief. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The government agrees that the petition was timely filed.

### Exhaustion of Remedies

Petit presented a claim of actual innocence based on newly discovered evidence in his second post conviction relief motion. As such, the claim is exhausted.

The government noted that, in the "Supporting Facts" of Ground One, Petit appeared to have raised an additional claim. He alleged that the testimony of Edder Joseph, a witness, "was introduced at trial in violation of my 6th amendment [sic] rights of cross examination and Crawford v. Washington." (ECF No. 1). According to the government, this claim was also exhausted because it was raised on direct appeal.

### Standard of Review

Federal courts are required to entertain a petition for writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims brought pursuant to § 2254 are not cognizable on federal habeas corpus review unless they were first presented to the state courts and are thereby "exhausted." Anderson v. Harless, 459 U.S. 4, 8, 103 S. Ct. 276, 278, 74 L.Ed.2d 3 (1982). A district court may not grant a petition challenging a state

conviction or sentence on the basis of a claim that was reviewed on the merits in a state court, unless the state court's adjudication of the claim either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2544(d); Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000).

A § 2254 habeas case is properly analyzed under the harmless error standard set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993). Habeas relief is warranted only where an error " 'had [a] substantial and injurious effect or influence in determining the jury's verdict.'" Id. at 623 (quoting Kotteakos v. United States, 328 U.S. 750 (1946)). Federal review does not contemplate the correctness of the state court's decision, but rather focuses only on whether the state court's application of federal law was objectively reasonable. Brown v. Head, 272 F.3d 1308, 1311 (11th Cir. 2001). Indeed, under the AEDPA, "state court factual determinations are presumed correct and a federal habeas corpus petitioner is stuck with them unless he can rebut their correctness with clear and convincing evidence to the contrary." Hunter v. Sec., Dep't of Corr., 395 F.3d 1196, 1200 (11th Cir. 2005).

## Discussion

### Ground One

Ground One of Petit's claim is as follows: "The Motion for post-conviction relief based on newly discovered evidence based upon Edder Joseph's affidavit exculpated me." (ECF No. 1). The government correctly argued that this claim was not cognizable.

A petitioner must make a threshold showing that satisfies the standard of proof governing

procedural claims of actual innocence, as set forth in Schlup v. Delo. McQuiggin v. Perkins, 569 U.S. 383, 133 S.Ct. 1924, 1928 (2013) (citing Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Under the Schlup standard, a habeas petitioner must demonstrate that constitutional error "probably resulted" in the conviction of one who is actually innocent. Schlup, 513 U.S. at 324, 326-27, 115 S.Ct. at 865, 867. A mere allegation of innocence is insufficient; "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Id. at 324, 115 S.Ct. at 865; House v. Bell, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (finding that the Schlup standard is "demanding" and permits review only in the extraordinary case, with the vast majority of actual innocence claims being unsuccessful). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S. at 329, 115 S.Ct. at 868; see House, 547 U.S. at 538, 126 S.Ct. at 2077 (emphasizing that the Schlup standard is "demanding" and seldom met). "The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent." Id. (citing Bousely v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).

Indeed, as the government correctly noted, free-standing claims of actual innocence based on newly discovered evidence are not cognizable for federal habeas relief. Instead, such claims must be supported by an independent constitutional violation occurring in the underlying criminal

proceeding. Herrera v. Collins, 506 U.S. 390, 400, 113 S. Ct. 853, 860 (1993). Whether a claim of actual innocence constitutes a free-standing claim for habeas corpus relief is a question that remains unresolved by the United States Supreme Court. See McQuiggin, 133 S.Ct. at 1931 (recognizing that the issue of whether a free-standing claim of actual innocence presents a claim for habeas relief remains unresolved). Eleventh Circuit precedent, which this Court must follow, does not allow habeas relief based on a free-standing, non-capital claim of actual innocence. See Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1010-11 (11th Cir. 2012) *(per curiam)*, cert. denied, 133 S.Ct. 351 (2012) (citing Herrera, 506 U.S. at 390-91) ("claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the course of the underlying state criminal proceedings"); Cunningham v. Dist. Attorney's Office for Escambia Cty., 592 F.3d 1237, 1272 (11th Cir. 2010) ("this Court's own precedent does not allow habeas relief on a freestanding innocence claim in non-capital cases"); Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1356 (11th Cir. 2007) ("our precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases").

Therefore, this Court cannot grant habeas relief on Petit's claim of actual innocence absent an independent constitutional violation occurring in the underlying state criminal proceeding. None of the arguments raised by Petit allege any newly discovered facts supporting actual innocence.

**Additional Claim**

As noted, in the "Supporting facts," Petit argued that the testimony of Edder Joseph "was introduced at trial in violation of my 6th amendment [sic] rights of cross examination and Crawford v. Washington both as those rights related to testimonial and documentary evidence (police tapes

were introduced over objections) containing Mr. Joseph's statements as well." Even if the claim within the "Supporting Facts" of Ground One was properly raised, it also does not state a ground for federal habeas relief. See In re: Davis, 565 F.3d 810, 817 (11th Cir. 2009) (per curiam) (discussing free-standing actual innocence claims); Graddy v. Crews, No. 5:13cv317–WS/GRJ, 2014 WL 5341834, at *3 (N.D. Fla. Oct. 20, 2014) (Not Reported in F.Supp.3d) ('a free-standing claim of actual innocense [sic] is not recognized as a valid claim for habeas relief'). Petit argued that both the introduction of Edder Joseph's prior testimony at Petit's trial and the introduction of four 911 recordings violated his rights under the Confrontation Clause. Petit argued further that the cross-examination of Joseph at the bond hearing was *de minimis* and that the 911 tapes were testimonial. Moreover, Petit argued that most of the testimony introduced at the bond hearing concerned facts that took place after the ongoing emergency had ended and after the robbery itself had taken place.

As the government noted, Petit raised this claim on direct appeal. The Fourth District Court of Appeal recognized that Crawford v. Washington, 541 U.S. 36, 59, 124 S. Ct. 1354 (2004), provided for the admission of testimonial hearsay by a declarant who did not testify at trial only if the declarant was unavailable and the defendant had a prior opportunity for meaningful cross-examination. Petit v. State, 92 So.3d 906, 910 (Fl. 4th DCA 2012). The appellate court determined that Petit had prior opportunity to significantly cross-examine Joseph "within the ambit of Crawford's application of the Confrontation Clause." Id. at 913. Accordingly, this court cannot find that the Fourth DCA's application of Crawford resulted in a contrary or unreasonable application of clearly established federal law.

Assuming that the claim with respect to the tapes was properly raised, the appellate court determined that the calls were non-testimonial in nature because they occurred in the context of an

ongoing emergency and were designed "to enable police assistance to meet [the] ongoing emergency." Michigan v. Bryant, 562 U.S. 344, 131 S.Ct. 1143, 1165 (2011). In so doing, the court extensively addressed Davis v. Washington, 547 U.S. 813, 126 S. Ct. 2266 (2006), Hammon v. Indiana, and Bryant in determining whether an emergency existed, which is highly dependent upon factual context. Petit, 92 So.3d at 914-15. The appellate court noted that, even if there was an abuse of discretion in admitting a call, "any error would be harmless, since there is "no reasonable possibility that the error contributed to the conviction." Petit, 92 So. 3d at 916 (citations omitted). Likewise, this Court finds no error with application of federal law.

## Recommendation

In light of the foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) be **DENIED**.

Pursuant to local Magistrate Rule 4(b), the parties may file written objections to this Report and Recommendation with Judge Gayles within fourteen (14) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 reh'g denied, 7 F.3d 242 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida, this ___ day of December 2017.

WILLIAM C. TURNOFF
United States Magistrate Judge